UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JOSEPH ALEXANDER

    v.                                Civil No. 26-cv-072-JL-AJ

DAWN HILL-KEARSE AND
SERGIO JIMENEZ

## REPORT AND RECOMMENDATION

Plaintiff, Joseph Alexander, proceeding pro se without counsel, filed a Complaint (Doc. No. 1) in forma pauperis in this court, asserting that Defendants conspired together and intentionally delayed the calendaring of motions in violation of due process. The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### Preliminary Review Standard

In conducting preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court construes pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). To determine if a pleading states a claim upon which relief can be granted, the court takes as true the facts asserted in the Complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### Discussion

Stripped of legal conclusions regarding violations of due process and a conspiracy, the

Complaint asserts that Defendants, Sergio Jimenez and Dawn Hill-Kearse, delayed the scheduling of motions.  Plaintiff, with an out-of-state return-address, has not asserted any facts indicating that this case bears any connection to New Hampshire or that matters described in the Complaint affected his own rights in any way.  The allegations in the Complaint fail to state a claim upon which relief can be granted.

As of the date of this Report and Recommendation, more than thirty federal judicial districts docketed the same Complaint filed by the same Plaintiff against the same Defendants. Without undertaking a comprehensive assessment of how each of those courts handled Alexander's Complaint in the days that have passed since the courts docketed the same case, this court notes that several courts have dismissed the case for failure to state a claim.  See, e.g., Alexander v. Hill-Kearse, No. 2:26-cv-02040-HLT-BGS (D. Kan. Jan. 28, 2026) ("The complaint is just a conclusory allegation about a conspiracy to delay the 'calendar of motions.' . . . .  Although pro se pleadings are construed liberally, the Court cannot construct them out of whole cloth.").

The court in the District of Wyoming dismissed a set of similar Complaints upon preliminary review, noting that those Complaint did not state a claim for relief as they failed to allege sufficient facts showing who did what.  See, e.g., Sullivan v. Pacheco, No. 2:26-cv-00033-ABJ (D. Wyo. Jan. 28, 2025).  That court found that the pattern of similar filings within that district suggested the cases could be dismissed as frivolous or malicious:

> The Court has become aware of substantially similar complaints in the last month. See Adams v. Jimenez, No. 26-cv-24-KHR (D. Wyo. Jan. 22, 2026) (claiming Sergio Jimenez "conspired with others in violation of due process"); Williams v. Jimenez, No. 26-cv-13-KHR (D. Wyo. Jan 13, 2026) (claiming Sergio Jimenez and Dawn Hill-Kearse allegedly "conspired . . . in violation of due process") . . . . It is increasingly obvious these cases were filed by one person or a group of

people using aliases.  As the Court noted in <u>Adams</u>, these filings appear to harass rather than initiate legitimate litigation.  <u>Adams</u>, No. 26-cv-24-KHR at *4.

<u>Id.</u>

The Complaint here is identical to pleadings other courts have deemed to be frivolous or malicious or to fail to state a claim.  Dismissing this Complaint under 28 U.S.C. § 1915(e)(2) for those reasons is appropriate.

## Conclusion

For the foregoing reasons, the District Judge should dismiss the Complaint in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 9, 2026

cc:   Joseph Alexander, pro se